**TIMU LEVALE, on behalf of the TIMU FAMILY, Plaintiffs,**

**v.**

**RAY McMOORE, SESE McMOORE,**
**and IOANE FE`AFE`AGA ENE, Defendants.**

High Court of American Samoa
Appellate Division

AP No. 14-99
Consolidated Cases:
LT No. 14-93
LT No. 20-93
LT No. 10-95
LT No. 20-96
LT No. 01-98

October 3, 2002

Before KRUSE, Chief Justice, WALLACE,[*] Acting Associate Justice, MOLLWAY,[**] Acting Associate Justice, ATIULAGI, Associate Judge.

Counsel: Asaua Fuimaono, Esq. for Appellant

---

[*] The Honorable J. Clifford Wallace, Senior Circuit Judge United States Court of Appeals for the Ninth Circuit, sitting by designation of the Secretary of the Interior.

[**] The Honorable Susan Oki Mollway, District Judge, United States District Court for the District of Hawaii, sitting by designation of the Secretary of the Interior.

Timu Levale, on Behalf of the Timu Family.
Charles Alailima, Esq., for Appellee Ioane Fe`afe`aga Ene.
Jeffrey J. Waller, Esq, for the Fe`a family.

## OPINION AND ORDER

### Introduction

This appeal, which arises out of numerous consolidated cases involves a land dispute between the Estate of Ioane Fe`afe`aga Ene ("Ioane Fe`a") and Timu Levale, who is acting on behalf of the Timu family ("Timu family").

"Palatoga," the property allegedly belonging to the Timu family and "Tualepipi," the property Ioane Fe`a claims as his own, overlapped in surveys by the Timu family and Ioane Fe`a. Ioane Fe`a claimed ownership of 10.37 acres. The Timu family claimed ownership of 3.7879 acres in the southwest portion of the 10.37 acres claimed by Ioane Fe`a. Faced with evidence supporting both claims to the disputed 3.7879 acres, the trial court determined that the disputed land belonged to Ioane Fe`a. The Timu family has appealed that decision, arguing that the court's determination was clearly erroneous and against public policy. We affirm.

### Standard of Review

■ Appellants who seek to overturn a trial court's findings of fact on appeal bear the "heavy burden of showing that these findings were 'clearly erroneous.'" *Toleafoa v. Tiapula*, 12 A.S.R.2d 56, 57 (App. Div. 1989); A.S.C.A. § 43.0801(b). A finding of fact is clearly erroneous "when the entire record produces the definite and firm conviction that the court below committed a mistake." *E.W. Truck & Equip. Co. v. Coulter*, 20 A.S.R.2d 88, 92 (App. Div. 1992).

■ In reviewing for clear error, "the question is whether there was substantial evidence to support the trial court's conclusions." *Moea`i v. Alai`a*, 12 A.S.R.2d 91, 93 (App. Div. 1989). The appellate court will not disturb the trial court's findings when they are supported by substantial evidence, even if the appellant's position is also supported by substantial evidence. *Afoa v. Asi*, 20 A.S.R.2d 81, 83 (App. Div. 1992). "It is not within the province of the appellate court to reweigh the evidence and interfere with a decision based on the lower court's choice of one version of the facts over another." *Utuutuvanu v. Mataituli*, 12 A.S.R.2d 88, 90 (App. Div. 1989). Credibility of witnesses is "uniquely the prerogative of the trial court." *Id.; accord Afoa*, 20 A.S.R.2d at 83. In other words, substantial evidence exists to support a finding of fact

when a reasonable person could reach the factual determination based on the evidence presented.

## Analysis

A. The Court's Findings of Fact are not Clearly Erroneous Because They are Supported by Substantial Evidence.

The Timu family first argues that the court's finding that the land belonged to Ioane Fe`a was clearly erroneous because it was not supported by substantial evidence. We disagree, as the trial court had evidence in the record from which it could have reasonably reached that finding. There was testimony that, since 1955, Ioane Fe`a, his brother, and their families cultivated and lived on the land, which was previously virgin bush. Moreover, there was no evidence that the Timu family objected to this occupancy or cultivation over the years.

■ The Timu family does not argue on this appeal that the evidence supporting Ioane Fea's claim to the land was false. Instead, the Timu family merely argues that the trial court should have weighed the evidence differently and made contrary credibility determinations. This court will not disturb the trial court's findings when they are supported by substantial evidence, even if a contrary finding would also be supported by substantial evidence. *Afoa*, 20 A.S.R.2d at 83. This court will not reweigh the evidence and interfere with a decision based on the lower court's choice of one version of the facts over another.[1] *Utuutuvanu*, 12 A.S.R.2d at 90.

B. The Trial Court's Decision is Not Against Public Policy

■ Based on the Cession of Tutuila and Aunu`u (April 17, 1900) and the American Samoa Revised Constitution, the Timu family argues that the

---

[1] Before trial, the Fe`a family claimed ownership of the 10.37 acres that Ioane Fe`a said belonged to him individually. However, the Fe`a family withdrew its claim before trial. The trial court found that the 10.37 acres had been virgin bush that was cleared, cultivated, and continuously used by bone Fe`a. his brother, and their immediate families. This finding supported Ioane Fe`a's individual claim. *See Sese v Leota*, 9 A.S.R.2d 25, 32 (Land & Titles Div. 1988) (citing *Leuma v. Willis*, 1 A.S.R.2d 48 (1980)). That finding is not before this court, as the Fe`a family is not challenging it and the Timu family lacks standing to challenge it. This court recognizes that, when faced with the issue, it must examine individual claims of ownership carefully to ensure that families do not agree to apportion their communal lands for short-term gains and thereby wrongfully deprive future generations of these lands.

government has a duty to protect American Samoan land. The Tirnu family argues that the court's decision to award the lands to Ioane Fe`a violates this duty. We disagree. The government's duty applies when land is taken from American Samoans and given to foreigners. Here, the lands are remaining in the hands of American Samoans. Accordingly, the government did not violate its duty to protect the land of American Samoa when the court ruled that the land belonged to Ioane Fe`a.

It is so ordered.